```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SEAN D. MURPHY a/k/a PAUL        :        CIVIL ACTION
EMMONS and DAVID R. THOMPSON     :
                                 :
          v.                     :
                                 :
SGT. J. SCOTT BENDIG,            :
DETECTIVE JAMES REAPE            :        NO. 06-cv-02355-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                September 19, 2006

In this civil rights action, the defendants have filed a motion for judgment on the pleadings, and plaintiffs have filed a motion for summary judgment. On the basis of the numerous exhibits and admissions which are now a part of the record, the following facts are not in dispute:

The defendant police officers, Bendig and Reape, were on routine patrol when, shortly before 2:00 a.m., they observed a large rental truck emerging from the premises of KASCO Construction Company. The officers reasonably believed that the plant was closed at the time, and they were aware that, a few months earlier, the plant had been burglarized, and that another establishment in the vicinity had also been burglarized a year or so before that.

The officers thereupon stopped the rental truck as it reached the public street adjacent to the KASCO property. The truck was being driven by plaintiff Emmons, and plaintiff

Thompson was a passenger in the cab.  As the officers approached the stopped truck, a report was broadcast over police radio to the effect that the KASCO plant had just been burglarized; an employee had discovered that the alarm system had been disabled, telephone wires cut, etc.  At that point, the two plaintiffs vacated the truck and fled.

Emmons was captured shortly thereafter, attempting to flee the scene in an escape vehicle.  Thompson was captured after he ran into a nearby quarry, climbed its fence, and was injured in a fall.  The rental truck was searched pursuant to a search warrant, and items which had been stolen in the burglary of the KASCO premises were found in the truck.

The plaintiffs were prosecuted in the Court of Common Please of Montgomery County.  Before trial, a judge of that Court determined, after a hearing, that all of the evidence against plaintiffs had been illegally obtained, because, in his view, the initial stop of the rental truck was not justified by any articulable suspicion of wrongdoing.  The Commonwealth attempted to appeal that decision to the Pennsylvania Superior Court, but, because the District Attorney's Office had failed to notify the Court of Common Pleas what issues it intended to pursue on appeal, the appeal was dismissed; that is, the Court of Common Pleas opined that all possible issues had been waived, and the Superior Court agreed.

Plaintiffs are now suing the defendant police officers for damages, asserting four causes of action: (1) false arrest, (2) false imprisonment, (3) malicious prosecution, and (4) civil rights violation under § 1983.  They seek $650,000 in compensatory damages, and $5,000 in punitive damages, against each of the defendants.

On the basis of the undisputed facts, I am satisfied that plaintiffs cannot possibly succeed in this lawsuit.  In the first place, it is abundantly clear that, at least by the time plaintiffs were arrested and held for trial, there was ample probable cause for their arrest and prosecution.  Thus, the only possible issue is whether, in stopping the truck when they did, the officers violated plaintiffs' constitutional rights. Everyone agrees that the officers needed to have some reasonable basis for suspicion that the defendants may have been involved in criminal activity, in order to justify the initial stop.  The Montgomery County Common Pleas Court determined that the stop was not justified.  Two questions emerge: (1) Is this Court bound by that determination?; and (2) Did plaintiffs sustain any damages as a result of the initial stop?.  In my view, both of these questions should be answered in the negative, but the latter question need not be addressed.

As to the first question, counsel for the parties have referred to notions of *res judicata* and collateral estoppel.  The

only final judgment that was rendered in the state court was dismissal of the prosecution.  But a judgment of acquittal does not determine any factual issues.  Moreover, the defendant police officers were not parties to the state-court litigation, are not named in the judgment (to the extent that there was a judgment) and are not estopped from asserting, in their defense in this action, both that they did act properly in stopping the rental vehicle, and that, in any event, they are entitled to qualified immunity under the circumstances.  In my view, the qualified immunity argument is plainly correct, and qualified immunity was not at issue in the state-court proceedings.  I am also of the view that although, as a matter of comity, this court should carefully consider the views of our sister Court of Common Pleas, it is still necessary for me to decide independently the factual and legal questions presented by this litigation.  I am persuaded that the officers did in fact have an adequate basis for stopping the rental truck – an entirely reasonable suspicion that wrongdoing was afoot – and that plaintiffs' constitutional rights were in no way violated.  To see a rental truck, at 2:00 a.m., leaving a closed industrial plant which had been burglarized a few months before, plainly warranted further inquiry by the patrolling police officers.

      Plaintiff has moved for summary judgment, and the defendants' motion for judgment on the pleadings has been treated

by both sides as if it were a motion for summary judgment. Judgment will be entered in favor of the defendants, and this action will be dismissed with prejudice.

    An Order follows.

```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
SEAN D. MURPHY a/k/a PAUL        :       CIVIL ACTION
EMMONS and DAVID R. THOMPSON     :
                                 :
         v.                      :
                                 :
SGT. J. SCOTT BENDIG,            :
DETECTIVE JAMES REAPE            :       NO. 06-cv-02355-JF
```

ORDER

AND NOW, this 19th day of September 2006, upon consideration of plaintiffs' motion for summary judgment, and defendants' motion for judgment on the pleadings (which will be treated as a motion for summary judgment), IT IS ORDERED:

    1.   JUDGMENT is ENTERED in favor of the defendants and against the plaintiffs.

    2.   This action is DISMISSED with prejudice.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.